Todd Blanche
Acting Attorney General
Letitia A. Sikes
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>ZACHARY TYLER VANTUYL,<br><br>                Defendant. | Case Nos.   1:24-CR-2074-SAB<br>                1:25-CR-2045-SAB<br><br>GOVERNMENT'S SENTENCING<br>MEMORANDUM |

Plaintiff, the United States of America, by and through Letitia A. Sikes, Assistant United States Attorney for the Eastern District of Washington, submits the following Sentencing Memorandum ("Sentencing Memorandum").  In support of this Memorandum, the Government shows the Court as follows:

## I.    BACKGROUND.

This Sentencing Memorandum is for the Defendant's two federal cases for which the Parties entered into a Rule 11(c)(1)(C) Plea Agreement(s).  *See* ECF No. 60 (1:24-CR-2074-SAB); ECF No. 37 (1:25-CR-2045-SAB).  On October 9, 2024, a federal grand jury returned an indictment charging the Defendant with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g), 924(a)(8).  ECF No. 19 (1:24-CR-2074-SAB).  The indictment also included forfeiture allegations.  *Id.*  On April 9, 2024, a federal grand jury returned an indictment charging the Defendant with the following: Count 1- Timber Set Afire, in violation of 18 U.S.C. §§ 1588;

GOVERNMENT'S SENTENCING MEMORANDUM - 1

Counts 2-7- Arson of Federal Property, in violation of 18 U.S.C. § 844(f).  ECF No. 1 (1:25-CR-2045-SAB).  The indictment also included forfeiture allegations.  *Id.*

On January 13, 2026, the Court accepted a change of plea for both cases and issued orders accepting the guilty pleas and setting forth a sentencing schedule.  *See* ECF No. 61 (1:24-CR-2074-SAB); ECF No. 38 (1:25-CR-2045-SAB).  The Defendant entered guilty plea to the indictment in the felon in possession of a firearm case pursuant to a Rule 11(c)(1)(C) plea agreement, which was filed the same day.  *See* ECF No. 60 (1:24-CR-2074-SAB).  The Defendant also entered a guilty plea to the following counts from the arson case: Count 1- Timber Afire, which occurred on or about May 15, 2023; Counts 2 and 3- Arson of Federal Property, which are two fires that occurred on or about September 12, 2023 (the "South Slope Fire" and the "Roza Slope Fire."); Count 6- Arson of Federal Property, which occurred on or about September 3, 2024 (the "Burbank Creek Fire"); and Count 7- Arson of Federal Property, which occurred on or about September 25, 2024 (the "Selah Butte Fire.").  The Government agreed to dismiss Counts 4 and 5- Arson of Federal Property, for two fires which occurred on or about June 14, 2024, the "Roza Fire" and the "Yakima River Fire."  *See* ECF No. 37 at 14 (1:25-CR-2045-SAB).

Pursuant to the terms of the Rule 11(c)(1)(C) plea agreement(s), the Government has agreed to request a term of imprisonment for 144 months for both cases to run concurrently; the Defendant would recommend 84 months of confinement.  The Parties also agreed to recommend 3 years of supervised release.  Worth noting, on January 12, 2026, the Government filed an Amended Charges & Penalties slip, correcting Counts 2-4 and 7 to reflect that where, as here, the individual commits arson of federal property, and directly or proximately cases personal injury or creates a substantial risk of any person, he shall be imprisoned by not less than 7 years nor more than 40 years, and fined.  *See* ECF No. 37 (1:25-CR-2045-SAB) at 3. The mandatory minimum for the Defendant's federal arson charges is the same as is contemplated by the low end of the range for the Rule 11(c)(1)(C) plea agreement,

GOVERNMENT'S SENTENCING MEMORANDUM - 2

this fact and the fact that this Defendant committed a string of arsons of federal property on multiple days, supports a longer term of imprisonment than 7 years.

On Marcy 17, 2026, pursuant to the Court's order, a draft Presentence Investigation Report ("PSR") was completed by the U.S. Probation Office. *See* ECF No. 62 (1:24-CR-2074-SAB). The Parties expressly contemplated that the Rule 11(c)(1)(C) plea agreement(s) would constitute an upward variance from the United States Sentencing Guideline Range, and agreed to the term of 84 to 144 months in recognition of the fact that this Defendant is a serial arsonist, previously convicted of multiple felony and/or misdemeanor convictions involving arson and/or damage to property, including: Arson in the First Degree (2 counts) and Arson in the Second Degree (three counts) in Kittitas Superior Court (Case No. 12-1-00152-8) for which he was sentenced to 120 months of incarceration, followed by 18 months of supervisor, and ordered to pay a $193791.52 in restitution. The facts in this Memorandum are derived from the written plea agreement(s) and the draft PSR, unless otherwise stated. In the plea agreements, the Parties made no agreement with respect to the applicable guideline range.

## II.    SENTENCING CALCULATIONS.

### A.    Base Offense Level & Enhancements.

**Felon in Possession of a Firearm Case.** The Government agrees with calculations by the United States Probation Office in the draft PSR that the Defendant's base offense level is fourteen (14) pursuant to U.S.S.G. 2D2.1(a)(6)(A). ECF No. 62, ¶ 64. The Government further agrees that there are no additional offense characteristics for the felon in possession of a firearm charge as applies to this Defendant. According to the draft PSIR, the Defendant's Criminal History Category is IV, making the guideline range 84-105 months. *Id.* at p. 37.

**Federal Arson Case.** The Government agrees with calculations by the United States Probation Office in the draft PSR that, for the Timber Set Afire charge and

GOVERNMENT'S SENTENCING MEMORANDUM - 3

each count of Arson of Federal Property, that the Defendant's base offense level is thirty-two (24). *See* U.S.S.G. §§2K1.4. According to the draft PSIR, the Defendant's Criminal History Category is IV, making the guideline range 84-105 months. ECF No. 40, p. 37 (1:25-CR-2045-SAB).

Pursuant to the draft PSR, the Defendant agrees he must pay a total amount of $1,010,343.44 for all seven fires for which he was charged in the indictment of that case. *See* ECF No. 40 at 5 (1:25-CR-2045-SAB). The Defendant has also been provided with a complete copy of all restitution documents which included itemized lists of costs and damages, including labor, for each fire (with the exception of Count 5 for which no costs were assessed by the federal Bureau of Land Management ("BLM"). Restitution is owed to the federal government, by and through BLM. The Government agrees with the Offense Conduct Summary in the draft PSR as it relates to felon in possession of a firearm. ECF No. 62, ¶¶ 15-32. The Government also agrees with the Offense Conduct Summary in the draft PSR as it relates to arson of federal property. ECF No. 40, ¶¶ 33-54.

### III.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a).

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a), which weigh strongly in favor of sentencing the Defendant to 144 months of incarceration to run concurrently for both cases, to be followed by a three-year term of supervised release with both general and special conditions. The Defendant is a dangerous individual who has been undeterred by his prior conviction for Arson in the 1st Degree (two counts), and Arson in the 2nd Degree (three counts) in Kittitas County Superior Court in 2012. According to available records, the Defendant began offending as a juvenile (beginning with false reporting of emergency charges, dismissed without prejudice) and followed up by a charge (dismissed) of Arson in the 2nd Degree and Second Degree Reckless Burning when he was sixteen years old. Other offenses include petty and felony theft, destruction of property charges, domestic violence, violation of a protection order and harassment.

GOVERNMENT'S SENTENCING MEMORANDUM - 4

These offenses reflect that the Defendant is a lifelong offender with a fixation and/or compulsion to commit arson. He also appears to have received extensive mental health evaluations and/or treatment, as noted by the fact that he had spent some time as an inpatient in Eastern State Hospital. Unfortunately, no intervention or conviction helped to curb the Defendant's criminal behavior and the coexistence of convictions for arson that covered the span of multiple years as well as a mental health diagnosis, show the Court that the Defendant is a risk to the public (and to himself), making a sentence of 144 months of incarceration the appropriate sentence, when taking into account all of the §3553(a) factors set forth herein.

The Defendant should be incarcerated to 144 months of imprisonment to ensure that the public is safe from further crimes of the Defendant. The Defendant is a serial arsonist with a long and dangerous history of arson, property damage, stalking, domestic violence, false reporting and an undisclosed mental health history which the Government submits is indicative of a level of dangerousness when coupled with the Defendant's history and the instant case. At any time, members of the public- to include first responders- were at risk when the Defendant set grass fires in seasons known to be dry and windy and in areas fraught with highly flammable underbrush. He set multiple fires at the residence of his former landlord on the Yakama Nation Indian Reservation, including on May 15, 2023, which she reported stopped when he moved out. The landlord also reported several suspicious animal deaths that occurred while the Defendant resided there.

On multiple dates in September 2023 and September 2024 (not including the June 2024 fires which the Government dismissed pursuant to the plea agreements(s)), the Defendant set fires on federal land, some of which were in close proximity to residential housing and often lingered to watch the fires ignite and/or for first responders to arrive. That was, indeed, part of how he was identified- by lay witnesses and law enforcement in proximity to where the fires had been lit who described him, identified him in photo arrays, and/or took photographs of the

GOVERNMENT'S SENTENCING MEMORANDUM - 5

Defendant in his distinct looking Chevrolet truck. He also was reported making numerous calls to 911, some false alarms and some around on or more of the fires that the Defendant himself had set.  It is the Government's contention that him contacting 911 was out of a need for attention and not because the Defendant attempted to mitigate damage.

An exhaustive list of agencies were involved in fire interdiction and investigation into the Defendant's multiple counts of arson, includes the Bureau of Land Management, the Department of Natural Resources, the Kalispel Tribe of Indians and Bureau of Indian Affairs, Idaho Department of Lands, the Selah Fire Department, the Selah Police Department, the Yakima Police Department, the Yakima Fire Department, Yakima County Fire, the Yakama Nation Fire Management, and Kittitas County Fire and Rescue.  Through the efforts of these agencies and their investigators, the origin and cause of each fire was determined (i.e. how the fire originated and whether that constituted arson), witnesses were interviewed and the Defendant was identified.  Special Agents K. Standiford and A. Holt from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") led the criminal investigation and resulting federal prosecution.  These maps were prepared to help assist the understanding of the Timber Set Afire (and prior fires started on the victim's property) and the multiple arson of federal property charges as well.



1. 7/13/2022 – (760 HUBBARDS LANE) Grass Fire.
2. 7/30/2022 – (HUBBARDS LANE) Grass Fire.
3. 03/23/2023 – (HUBBARDS LANE) Grass fire.
4. 03/23/2023 – (HAWK RD) Grass Fire.
5. 03/24/2023 – (761 HUBBARDS LN) Fire, other.
6. 4/20/2023 – (500 HAWK RD) Grass Fire. Reporting Party "Zack".
7. 5/8/2023 – (HUBBARDS LN & MEDICINE VALLEY) Grass Fire.
8. 5/16/2023 – (700 HUBBARDS LANE) Grass Fire.
9. 5/25/2023 – (700 HUBBARDS LANE) Grass Fire.
10. 6/26/2023 – (700 HUBBARD LANE) Grass Fire.
11. 7/16/2023 – (2801 HAWK RD) Brush or Brush/Grass Mixture.
12. 7/10/2023 – (HUBBARDS LANE) Vehicle Fire.
13. 9/10/2023 – (2279 HAWK RD) Grass Fire.
14. 03/30/2024 – (761 HUBBARDS LN) Grass Fire.

GOVERNMENT'S SENTENCING MEMORANDUM - 6

Burbank Creek Fire (9/3/2024) *(SUSPECT VEHICLE Sighted / SUSPECT Contacted)*

Roza Slope (9/12/2023) *(SUSPECT VEHICILE sighted – above Roza Dam)*

Roza (6/14/2024)

Yakima County / Kittitas County Line

South Slope (9/12/2023) (Cartage from suspected flare gun) *(SUSPECT VEHICLE sighted – above Roza Dam)*

Yakima River (6/14/2024) (Cartage from suspected flare gun)

Selah Butte Fire (9/25/2024) *(SUSPECT VEHICLE Sighted)*

### A. The nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1).

The nature and circumstances of the offense and history and characteristics of the Defendant support a term of confinement of 144 months. These fires put both the public and public safety officers at the risk of injury or death. The fires were set in sprees, as well, which is seemingly indicative of the Defendant's compulsive behavior. For example, on September 12, 2023, the Defendant set a fire over Roza Dam (the "Roza Slope Fire") as well as another fire set on the same date at the South Slope (the "South Slope Fire"). On September 3, 2024, again in the same vicinity as the other fires, the Defendant set the "Burbank Creek Fire," followed by the "Selah Butte Fire" on September 25, 2024. Even the two charges which the Government agreed to dismiss occurred on the same day and in the same vicinity. It should be noted that fire investigators determined that these fires, though in proximity to one another, were all started separately and no fire caused another fire. It is also worth noting that the Defendant constantly attempted to get close to fire- for example, in May 2023 when fire investigators were investigating the fire set at the Defendant's

GOVERNMENT'S SENTENCING MEMORANDUM - 7

landlord's residence on Hubbard Lane (within the Yakama Nation Indian Reservation), the Defendant was observed on an ATV (investigators determined the fire was set by an ATF) wearing a yellow fire jacket and claiming that he was a volunteer firefighter for Ellensburg. Law enforcement also discovered during the investigation of the federal case, that the Defendant claimed he was working at Rattlesnake Ridge as a wildland firefighter. Law enforcement also located the Defendant, who knows he is a prohibited possessor, in the possession of a firearm, a Savage Arms .22 caliber rifle following his location in the distinct white Chevrolet truck he drives. A flare gun was located during search of the Defendant's residence as well (multiple fires appeared to have been started by a flare gun). (Both searches were executed pursuant to federal search warrants). The disturbing pattern shows that the Defendant is an unrepentant arsonist, highly manipulative and lies in order to claim that he is a firefighter, presumably so that he can gain access to fire and/or fire investigations. The Government submits that this level of manipulation, coupled with the multiple sprees of wildfires the Defendant set, is indicative of an individual who is likely to reoffend. As such, the Government submits that 144 months of imprisonment is the appropriate sentence. The Defendant is a dangerous person and precisely the type of individual who should be sentenced to a long period of confinement, after prior convictions and interventions failed to deter future conduct, in order to ensure that he does not put the public at additional risk.

B. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment, 18 U.S.C. § 3553(a)(2)(A).</u>

The Defendant's 2012 arson conviction and the 120 months he spent incarcerated appeared to not have made an impact in light of the fact that he has now plead guilty to multiple other arson charges, all federal. In order reflect the seriousness of these offenses, the Government submits that 144 months of imprisonment is the only appropriate term of confinement. This sentence, greater

GOVERNMENT'S SENTENCING MEMORANDUM - 8

than his prior arson sentence, provides just punishment, which a lower sentence would not.  A term of imprisonment of 144 months also promotes respect for the law and, as set forth in § 3553(a)(2)(B) provides both general and specific deterrence in that if and when other individuals see that the Defendant is sentenced to 144 months of incarceration, they may be deterred to commit the same types of offenses.  The Defendant is also more likely to be deterred from committing further arsons if he is sentenced to an appropriately longer term of imprisonment for his second arson conviction (from 120 months to 144 months).  The fact that the Defendant owed nearly two-hundred thousand dollars for his 2012 arson conviction did not deter him from committing the federal arson charges to which he plead guilty (and which jumped to a cost of over one million dollars).  It is only appropriate that a sentence here- for two federal cases- is greater than the Defendant's prior term of incarceration.

C.    The need for the sentence imposed to protect the public from further crimes of the Defendant, 18 U.S.C. § 3553(a)(2)(C).

Protecting the public from further crimes of the Defendant is at the heart of the sentencing recommendation made by the Government and why a term of imprisonment of 144 months is appropriate.  Pursuant to the Rule 11(c)(1)(C) plea agreement(s), the Defendant has entered guilty pleas to two different federal prosecutions: felon in possession of a firearm in one and multiple counts of arson in the other.  He is an unrepentant offender who committed multiple federal crimes, to include in each case (i.e. the felon in possession of a firearm case and the federal arson case) and/or count (the multiple counts of arson committed by the Defendant which took place in the same approximate location).  For example, although the Defendant was only prosecuted for one count of Timber Set Afire for the May 15, 2023 fire set on the victim's property within the Yakama Nation Indian Reservation, as reflected by the fire map which fire investigators submitted, and the victim's own testimony, the Defendant set many fires on her property, including through the use of

GOVERNMENT'S SENTENCING MEMORANDUM - 9

an ATV (when the Defendant was arrested on his federal case(s), law enforcement learned that he still had an ATV), and even may have killed several of her animals. The public anticipates that when the courts are faced with repeat offenders who continue to put the public at risk through dangerous acts- including possessing a firearm as well as multiple counts of arson which spread over many acres), the courts will endeavor to keep the public safe by putting into effect an appropriate sentence. Based on the facts of the underlying offenses and the history and characteristics of the Defendant, a term of 144 months of imprisonment is appropriate.

        D.    <u>The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. § 3553(a)(2)(D).</u>

While it is evident that the Defendant likely needs some mental health treatment, any treatment he sought and obtained both outside of incarceration and during the 120 months of incarceration he served for his 2012 Kittitas County conviction, has failed to prevent the Defendant from committing future offenses. It is appropriate that he seek and obtain additional training, medical care or other correctional treatment while he is incarcerated.

        E.    <u>The kinds of sentences available, 18 U.S.C. § 3553(a)(3), and the kind of sentence contemplated by the Sentencing Guidelines, 18 U.S.C. § 3553(a)(4).</u>

This case reflects some of the limitations of the Sentencing Guidelines as applied to specific offenses and where, as here, an offender has a prior conviction for similar conduct. Both "Timber Set Afire" and "Arson of Federal Property," for example, are addressed under the same guidelines provision, despite the fact that most of the arson counts here have a mandatory minimum of 84 months of incarceration. For these arson charges, the Guidelines also fail to incorporate that not only was the Defendant convicted of multiple counts of arson committed in Kittitas County,

GOVERNMENT'S SENTENCING MEMORANDUM - 10

Washington, they fail to reflect or specify a mechanism for which the guideline range would increase where, as here, the Defendant was previously sentenced to a term of imprisonment (120 months) that is greater than the Guidelines provide. As such, and because of the other information included herein, in the Plea Agreement(s) and draft PSR(s), the Parties agreed to an upward variance. The Government submits that 144 months of incarceration is not inconsistent with sentencing contemplated by the guidelines, when upward variances are taken into account. Every offender should be treated on his or her own accord. Arson is an unusual crime and serial arsonists unusual criminals in that they appear to be more likely to be recidivists than individuals who commit other offenses. A term of incarceration of 144 months is the appropriate treatment for the Defendant, although it involves an upward variance to incorporate the two offenses for which the Defendant plead guilty to, the spree of arsons the Defendant committed in this case, and the spree of arsons he committed in Kittitas County. Though the Guidelines did not consider this particular situation, the Court is empowered to look at the applicable Guidelines, consider the egregiousness of the Defendant's misconduct and criminal history, and craft an appropriate sentence after conducting an individualized assessment. Here, the Government submits that that individualized assessment shows that the appropriate sentence is 144 months of incarceration and a term of supervised release.

F.   Any pertinent policy statements issued by the Sentencing Commission, 18 U.S.C. § 3553(a)(5) and the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6).

Other than the policy statements encapsulated in the offense characteristics and specific offense characteristics set forth in the Guidelines, in the draft PSR and herein, Courts seem to provide that the "parsimony provision" of 18 U.S.C. § 3553(a), which directs the Court to impose a sentence that tis "sufficient, but not greater than necessary" to accomplish the goals of sentencing. *See e.g. United States v. Jacob*,

GOVERNMENT'S SENTENCING MEMORANDUM - 11

631 F.Supp.2d 1099, 1120 (N.D. Iowa 2009). In this case, 144 months is sufficient, but not greater, than necessary to achieve the sentencing goals of 3553(a).

Based on all the facts and circumstances, the Government's recommendation of 144 months of incarceration is the appropriate disposition of this case in an effort to avoid sentence disparities.

## IV.    GOVERNMENT'S SENTENCING RECOMMENDATION

As discussed in this Memorandum, sentencing the Defendant to 144 months of incarceration, based on the totality of the circumstances and the 3553(a) factors, is sufficient, but not greater than necessary, to accomplish the purposes outlined in 18 U.S.C. § 3553(a). As the Eleventh Circuit has stated, "Because punishment should fit the crime, the more serious the criminal conduct is the greater the need for retribution and the longer the sentence should be. The seriousness of a crime varies directly with the harm it causes or threatens. If follows that the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." *United States v. Irey,* 612 F.3d 1160, 1206 (11th Cir. 2010). Taking into account all of the facts and circumstances a particularized assessment of the facts as applied to the 3553(a) sentencing factors here, the Government respectfully requests this Court to sentence him to 144 months of incarceration, followed by a three-year term of supervised release, and be ordered to pay restitution owed to the federal government vis a vis the Bureau of Land Management. "Some men just want to watch the world burn," Alfred Pennyworth said to Batman in the 2008 film *The Dark Knight*. The Defendant is one of those men and the public should be protected from him and, as such, a lengthy term of incarceration is necessary.

Dated: April 7, 2026

Todd Blanche
Acting Attorney General

*/s/ Letitia A. Sikes*
Letitia A. Sikes
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 12

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Craig Webster, Federal Defenders of Eastern Washington and Idaho, 306 E. Chestnut Ave., Yakima, Washington 98901.

/s/ Letitia A. Sikes
Letitia A. Sikes
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 13